**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BLANCA AMAYA-FLORES** | § | |
| | § | |
| **v.** | § | **A-06-CA-225 LY** |
| | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion to Dismiss for Mootness, filed on June 9, 2006 (Clerk's Docket No. 11); Plaintiff's Response to Defendant's Motion to Dismiss on Mootness and Request for Vaughn Index filed June 29, 2006 (Clerk's Docket No. 15); and Defendant's Reply, filed on July 11, 2006 (Clerk's Docket No. 16).

On October 17, 2006, the District Court referred the above-Motion to Dismiss to the instant Magistrate Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Accordingly, the Magistrate Court enters the following Report and Recommendation.

**I.  GENERAL BACKGROUND**

Plaintiff is a citizen of El Salvador who resides in Elgin, Texas. By letter dated March 29, 2005, Plaintiff submitted a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,  request to the custodian of records for the Bureau of Immigration and Customs Enforcement ("ICE") located in

San Antonio, Texas. Plaintiff requested a "copy of the updated administrative file and all records, documents, and information contained in your files regarding" Plaintiff. Plaintiff alleges she requested this information in order to re-open an existing Order of Removal proceeding against her. Plaintiff received no response to her FOIA request.

By letter dated May 26, 2005, Plaintiff submitted a second (identical) FOIA request on Form G-639, via certified mail to ICE, Office of Investigations located in Washington D.C. Plaintiff received no response to her second FOIA request. By letter dated October 3, 2005, Plaintiff notified ICE, Office of Investigations located in Washington D.C, that she had yet to receive a response to her second FOIA request. Plaintiff also re-submitted her request.

ICE responded by letter dated December 1, 2005, explaining that responses to requests for A-files were to be answered by Citizenship and Immigration Services ("CIS"). By letter dated January 17, 2006, the CIS office in Lee's Summit, Missouri, notified Plaintiff that it was in receipt of her FOIA request and had forwarded her request to the National Records Center for reply. A second letter from the CIS, dated January 17, 2006, informed Plaintiff that her FOIA request was being handled and assigned it a control number. By the date of the Complaint, Plaintiff had yet to receive a response to her FOIA requests. *See* Complaint at pp. 1-5.

Accordingly, on March 29, 2006, Plaintiff filed the instant cause of action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In her Complaint, Plaintiff asserts that she is entitled to declaratory and injunctive relief – specifically, that the Court enter an Order requiring Defendant Department of Homeland Security to produce various records she has requested under FOIA, and a declaration that the failure to previously produce these records is a violation of FOIA.

2

*See* Complaint at p. 1. Plaintiff also seeks fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and the Freedom of Information Act, 5 U.S.C. §552(a)(4)(E).

On May 26, 2006, the Department of Homeland Security released information responsive to Plaintiff's FOIA request of January 17, 2006. In that Response, 382 pages were identified as responsive, 302 were released in full, 55 pages were partially redacted, and 25 pages were withheld in full. Defendant moves to dismiss on this basis.

## II.  ANALYSIS

### A.      Rule 12(b)(1) Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  In a case such as this, where Defendant has submitted evidence that it has responded to the FOIA request, Plaintiff carries the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

**B.      The Court's Jurisdiction Over Plaintiff's Complaint**

Jurisdiction in a FOIA suit is based upon the plaintiff showing that an agency has improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). If, however, the agency establishes that all responsive records have been released to the requester, the suit should be dismissed on mootness grounds as there is no justiciable case or controversy. *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993) (holding that Plaintiff's "claim was rendered moot by the FBI's response to his request.") Because it has responded to Plaintiff's FOIA request, Defendant moves to dismiss Amaya-Flores' case as moot.

Plaintiff responds that "Defendant's mootness argument . . . is premised upon the mistaken belief that Plaintiff's lawsuit was purely about the Agency's tardiness in responding to the FOIA request.  That is simply not true."  Response at p. 2. Plaintiff argues that *Voinche* is inapposite as tardiness is not the sole basis of her cause of action, but that she also specifically complained about documents improperly withheld and requested injunctive relief in the form of an order requiring the agency to produce the records. Plaintiff maintains that because she alleged the improper withholding of documents and Defendant withheld documents, her suit is not moot. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995).

The Court finds that *Voinche* is controlling, and that a review of Plaintiff's Complaint shows that her allegations relate only to a delay in obtaining a FOIA response and not the improper withholding of documents.  In *Voinche*, the plaintiff filed a FOIA suit arguing that the Federal Bureau of Investigation had failed to release certain documents pursuant to his FOIA request. *Voinche*, 999 F.2d at 963.  The Fifth Circuit affirmed the dismissal of Plaintiff's suit because he "had failed to exhaust his administrative remedies regarding his challenge to the adequacy of the FBI's

response to his FOIA request and because [his] suit under § 552(a)(6)(A)(i) had been rendered moot by the FBI's response to his FOIA request." *Id.* The case now before the Court is analogous to *Voinche*. Indeed, because at the time the complaint was filed Defendant had not produced *any* records, it is impossible that Plaintiff could have been complaining about the failure to produce particular records. Rather, the suit was based on the fact that the statutory time for response had passed, and the Defendant had completely failed to respond. Because Plaintiff's Complaint is based on the tardiness of Defendant's response to her FOIA requests, her claim has been rendered moot by Defendant's production of documents and her Complaint must be dismissed.[1]

**C.     Plaintiff's Request for a *Vaughn* Index**

Claiming that she has set forth a claim in her Complaint that documents have been improperly withheld, Plaintiff requests that the Court require Defendant to provide her with an index of the documents withheld and Defendant's justifications for withholding those documents in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Plaintiff relies upon ,*Stephenson v. Internal Revenue Service*, 629 F.2d 1140, 1144 n.9 (5th Cir. 1980) in support.

The Freedom of Information Act requires exhaustion of administrative remedies, with regard to both the timeliness and the adequacy of an agency's response, prior to seeking judicial review. *Voinche*, 999 F.2d at 963; *Aldridge v. United States Dep't of Health and Human Services*, 2003 WL 23473930 at *1 (N.D. Tex. 2003). Unlike in *Stephenson*, a case challenging claimed exemptions for

---

[1] The Court notes that the time requirements set forth in 5 U.S.C. § 552(a)(6)(A) are rendered toothless if an agency may ignore a FOIA request for months (or years), and then, when sued, finally respond to the request and obtain a dismissal of the suit. However, the law of this Circuit so holds, and this court is bound to follow it. The Defendant has nothing to be proud of in this case, given its extreme dilatoriness in responding to the Plaintiff's proper FOIA request. *Cf. Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995)

withheld documents, Defendant has asserted that Plaintiff in this case has failed to exhaust her administrative remedies regarding the adequacy of the documents produced at the agency level. Thus any request for a *Vaughn* index is premature and is properly denied. *Voinche*, 999 F.2d at 963.

### III. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss for Mootness (Clerk's Docket No. 11) and **DENY** Plaintiff's Request for a *Vaughn* index (Clerk's Doc. No. 15).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

6

directed to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this the 30th day of October, 2006.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE